**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**TIMOTHY BURKE,**

**Plaintiff,**

**v.** **Case No. 8:26-cv-2870**

**UNITED STATES OF AMERICA,**

**Defendant.**

## COMPLAINT

**COMES NOW** the Plaintiff, TIMOTHY BURKE (Burke), and sues the Defendant, UNITED STATES OF AMERICA (USA) and alleges:

## JURISDICTION, VENUE, AND PARTIES

1. This action arises under the Privacy Protection Act of 1980 ("PPA"), 42 U.S.C. §§ 2000aa through 2000aa-12. This Court has jurisdiction under 42 U.S.C. § 2000aa-6(h) and 28 U.S.C. § 1331.

2. Venue is proper in this District because the challenged searches and seizures occurred, and the investigation giving rise to them was conducted, in this District.

3. At all times relevant, Plaintiff, Burke, was and is an investigative journalist and digital publisher residing in Tampa, Florida.

4. Defendant, USA, is liable under 42 U.S.C. § 2000aa-6(a)(1) for PPA

violations committed by federal officers and employees acting within the scope of, or under color of, their office or employment.

## FACTS

5. Burke gathers, preserves, and disseminates newsworthy information to the public through Internet publications and other forms of public communication in or affecting interstate commerce. He is regularly engaged in collecting, recording, writing, editing, reporting and publishing news, for gain or livelihood, and received information while working as both and employee and independent contractor for online news agencies and news services. He possessed the materials described below for the purpose of disseminating them to the public in that manner.

6. In 2022, Burke obtained and published pre-broadcast footage related to a Fox News interview of Kanye West by Tucker Carlson.

7. The United States investigated Burke for that conduct, alleging violations of 18 U.S.C. § 1030(a)(2)(C) and 18 U.S.C. § 2511(1)(a), (c). The offenses under investigation consisted of Burke's alleged receipt, acquisition, possession, or communication of the materials the Government searched for and seized, or of the information those materials contained.

8. Throughout the investigation, the Government knew that Burke was a journalist and a person who gathered and disseminated information to the public and that he possessed a journalistic archive of work product materials and documentary

materials, as those terms are defined in 42 U.S.C. § 2000aa-7.

9. On or about May 5, 2023, the Government obtained a warrant and court order directed to Google LLC and thereby searched for and seized materials in Burke's possession, including the contents of Burke's Google account, including emails, Google Drive files, and other records constituting work product materials and documentary materials.

10. The Government also obtained a warrant and court order and thereby searched for and seized materials in Burke's possession, including the contents of Burke's Twitter/X account, including private Direct Messages with sources and other journalists, constituting work product materials and documentary materials. Twitter/X personnel who searched for and produced those contents acted as agents of the Government in doing so.

11. On May 8, 2023, federal agents searched Burke's home and newsroom and seized computers, storage media, and other items containing his reporting files, source communications, and other work product materials and documentary materials. This included both electronic and paper records, including notebooks, notepads and other documents, which were seized in their entirety. The records seized included information concerning time sensitive investigations and the identity of Burke's sources of information.

12. After the initial searches and seizures, Government agents, prosecutors,

and other Government personnel accessed, viewed, copied, forwarded and exported Burke's protected materials on multiple, separate occasions. The number and dates of those occasions are presently unknown to Burke and are within the Government's possession.

13. The Government has knowledge that the materials it holds includes work product materials and documentary materials protected by the PPA, and it continues to retain, control, and withhold those materials.

14. Burke is a "person aggrieved by a search or seizure of materials" in violation of the PPA as provided in 42 U.S.C. 2000aa-6 (a).

## COUNT I

## PPA Violation — Google

Plaintiff re-alleges and incorporates by reference the allegations contained in paragraphs 1-14 above as if set forth herein, and further alleges:

15. On or about May 5, 2023, the government sought, and a magistrate judge of this Court issued a warrant directed to Google LLC, Case No. 8:23-mj-1544-SPF, issued under 18 U.S.C. §§ 2703(a), (b)(1)(A), and (c)(1)(A).

16. The compelled production pursuant to a warrant and order issued to Google constituted a search and seizure by the government under 42 USC 2000aa.

17. The Google warrant applied to two separate Google accounts associated with Burke. Attachment B to the warrant required Google to disclose, for

the period August 1, 2022 to the present, the complete contents of all emails associated with each account, including stored or preserved copies of emails sent to and from the account, all draft emails, the source and destination addresses of each email, and the date, time, size, and length of each email. This portion of the warrant called for production of both work product and documentary materials possessed by Mr. Burke.

18. For the separate and substantially longer period January 1, 2021 to the present, the warrant required Google to disclose all identifying information for the accounts; all IP addresses used to register, log in to, or use the accounts; all methods of connecting and means and source of payment, including any credit or bank account number; the types of Google services utilized; all address books, contact and buddy lists, and calendar data stored by the account; all pictures and Google Drive contents and files; the complete Google search history for the accounts; and all records of communications between Burke and Google support regarding the accounts. This also called for production of both documentary materials and work product materials.

19. The search for and seizure of Burke's Google account violated 42 U.S.C. §§ 2000aa(a) and (b).

## COUNT II

## PPA Violation — Twitter/X

Plaintiff re-alleges and incorporates by reference the allegations contained in paragraphs 1-14 above as if set forth herein, and further alleges:

20. On or about February 13, 2023, the government sought, and a magistrate judge issued a warrant directed to Twitter, Inc., Case No. 8:23-mj-1150-TGW, issued under 18 U.S.C. §§ 2703(a), (b)(1)(A), and (c)(1)(A), commanding execution on or before February 24, 2023.

21. The account identified in the warrant had been created on December 12, 2006, more than sixteen years before the warrant issued.

22. The compelled production pursuant to the warrant and court order issued to Twitter/X constituted a search and seizure of Burke's records under 42 USC 2000aa.

23. Attachment B to the Twitter/X warrant required Twitter to disclose, for the account, essentially the entirety of its sixteen-plus-year existence going back to January 1, 2021: all identity and contact information, including full name, physical address, date of birth, phone number, and gender; every username the account had ever used and every account linked to it by cookie, IP address, or device; every device used to access the account; all advertising information, including advertising IDs, ad activity, and ad topic preferences; all IP addresses used to create, log in to,

and use the account; the complete history of privacy and account-setting changes; and all records of Burke's own communications with Twitter's support staff.

24. The warrant further required disclosure of the content of every Tweet ever created, drafted, favorited, or retweeted by the account; the content of all direct messages ever sent from, received by, or stored in draft form in the account, including attachments, header information, and metadata, a category that, on information and belief, included private communications between Burke and confidential journalistic sources; every user the account had ever followed, unfollowed, muted, or blocked, and every user who had followed, unfollowed, muted, or blocked the account; every mention and reply associated with the account; all profile data, photographs, biographical text, and uploaded multimedia; the complete history of searches performed from the account; all location information ever collected in connection with the account; and complete records of every link the account had ever shortened or clicked, together with click counts.

25. The search for and seizure of Burke's Twitter/X account violated 42 U.S.C. §§ 2000aa(a) and (b).

## COUNT III

## PPA Violation — Home and Newsroom

Plaintiff re-alleges and incorporates by reference the allegations contained in paragraphs 1-14 above as if set forth herein, and further alleges:

26. On May 4, 2023, a magistrate judge of this Court issued a separate warrant authorizing the search of the Tampa residence Burke shares with his spouse, which also serves as Burke’s newsroom, based on the same two offenses related to the receipt, possession, communication, or withholding of the materials sought under the warrant or the information contained therein, underlying the Google and Twitter/X warrants described above.

27. The warrant authorized agents to search for and seize computers, phones, and related electronics; evidence of payments by cash or cryptocurrency; and records of Burke’s interactions with companies involved in hosting electronic streaming content.

28. Agents executed the warrant on May 8, 2023, at approximately 6:00 a.m. In executing the warrant, agents searched Burke’s home and newsroom and seized approximately two dozen devices, including six Apple computers, four Apple iPhones, five other personal computers, several external hard drives, and at least four notebooks containing Burke’s handwritten reporting notes, together with other electronics and materials Burke used in his media consulting business, including his reporting files, source communications, drafts, and other work product materials and documentary materials.

29. The devices seized from Burke's home and newsroom had a combined data storage capacity of more than 100 terabytes, capacity sufficient to hold tens of

millions of documents and photographs, or many thousands of hours of video and audio recordings.

30. The Government did not seize a discrete set of files or devices responsive to the narrow conduct under investigation; it took physical custody of Burke's entire digital newsgathering and business archive, including decades of work product materials and documentary materials wholly unconnected to any offense under investigation.

31. The search of Burke's home and newsroom and the seizure of materials violated 42 U.S.C. §§ 2000aa(a) and (b).

## COUNT IV

## Separate Viewing and Copying of Protected Materials

Plaintiff re-alleges and incorporates by reference the allegations contained in paragraphs 1-14 above as if set forth herein, and further alleges:

32. After the initial searches and seizures, Government agents, prosecutors, and other Government personnel accessed, viewed, copied, and exported Burke's protected materials on multiple, separate occasions. The number and dates of those occasions are presently unknown to Burke and are within the Government's possession. Each separate viewing, accessing, copying, transferring, or other use of the data constitutes a separate search or seizure of the materials.

33. The Government knows that the materials it holds include work product materials and documentary materials protected by the PPA, and it continues to retain, control, and withhold those materials.

34. Each separate viewing described herein was a separate search for protected material, and each separate copying or export described was a separate seizure of protected material, in violation of 42 U.S.C. §§ 2000aa(a) and (b).

## COUNT V

### Continued Retention and Ongoing Seizure

Plaintiff re-alleges and incorporates by reference the allegations contained in paragraphs 1-14 above as if set forth herein, and further alleges:

35. The Government's continued retention of Burke's protected materials after learning they were protected by the PPA constitutes an ongoing seizure and a continuing violation of 42 U.S.C. §§ 2000aa(a) and (b) for as long as the Government retains those materials.

## DAMAGES AND RELIEF

Plaintiff re-alleges and incorporates by reference the allegations contained above as if set forth herein, and further alleges:

36. Burke was aggrieved by each violation described above and suffered actual damages, including loss of possession, use, and control of journalistic materials and impairment of his journalism and source relationships.

37. Under 42 U.S.C. § 2000aa-6(f), Burke is entitled to actual damages, or, as to any violation for which actual damages are not proven, statutory liquidated damages of not less than $1,000, together with reasonable attorneys' fees and litigation costs.

**WHEREFORE,** Burke requests judgment against the United States for: (a) actual damages for each proven violation of the Act including attorney's fees as damages incurred as a result of efforts to obtain return of materials seized or as a result of litigation arising from the unlawful seizure; (b) to the extent actual damages are not proven as to any violation, statutory liquidated damages of not less than $1,000 for that violation, pursuant to 42 U.S.C. § 2000aa-6(f); (c) reasonable attorneys' fees and litigation costs, pursuant to 42 U.S.C. § 2000aa-6(f); and (d) such other relief as the Court deems just and proper.

**RESPECTFULLY SUBMITTED** this 22nd day of September, 2026.

**MICHAEL P. MADDUX, P.A.**

***s/Michael P. Maddux***
Michael P. Maddux, Esquire
Florida Bar Number: 964212
Lead Trial Counsel for Plaintiff
2102 West Cleveland Street
Tampa, Florida 33606
Telephone: (813) 253-3363
Facsimile: (813) 253-2553
E-Mail:
mmaddux@madduxattorneys.com
jszymczak@madduxattorneys.com
ctonski@madduxattorneys.com